CASE 2—MOTION—DECEMBER 12.

# Boehler vs. Commonwealth.   ❧

### APPEAL FROM THE JEFFERSON CIRCUIT COURT.

1. An appeal from an order of the county court, refusing a grant of tavern license, lies to the court of appeals, not to the circuit court.

2. The right of appeal, in such cases, to the *circuit court*, was given by the 10*th section* of the chapter on taverns, &c. (2 *Rev. Stat.*, 408.) But the effect of *sec. tions* 15, 16, *and* 20 of the *Civil Code* is to take away this right, and to confer jurisdiction on the court of appeals. (See, also, *sections* 478, 875.)

3. The case of *Weir vs. Fleming* (*MS. opinion*, 1859) overruled, because the decision in that case does not give proper effect to the provisions of the code referred to.

J. M. HARLAN, Attorney General, for Commonwealth, cited *Civil Code, sec.* 20; 2 *Rev. Stat.*, 408.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

This is an appeal from a judgment of the Jefferson circuit, affirming an order of the Jefferson county court, refusing a grant of tavern license to the appellant.

The right of appeal in such cases to the *circuit court* was given by the 10*th section* of the chapter on taverns, &c. (*Revised Statutes*, 408, 2 *vol.*) But, by section 15 of the Civil Code, this court has appellate jurisdiction over the final orders or judgments of all other courts, subject to the exceptions in the next section. Among those exceptions are the following: "When the judgment or order is by the quarterly court, *county court, &c.*, and an appeal is given to the quarterly or circuit court." *Section* 20, in defining the appellate jurisdiction of the circuit courts, specifies all the classes of judgments and final orders of the county courts from which an appeal shall lie to the circuit courts. Judgments or orders of the county court granting or refusing tavern license are not embraced in this section, and consequently this court has appellate jurisdiction over such judgments and orders.

Under these circumstances, and by operation of sections 748 and 875 of the Code, the section of the Revised Statutes referred to must be held superseded or repealed. A different

conclusion was expressed by this court in the case of *Weir vs. Fleming County Court* (*MS. opinion*, 1859); but upon more mature consideration, we are constrained to overrule that decision, believing, as we do, that it does not give proper effect to the provisions of the Code just referred to.

As the circuit court had no jurisdiction, this appeal from its judgment must be dismissed.